UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JUSTIN LEE MUNION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 16-CV-105-JMH |
| ) | |
| TOYOTA MOTOR MANUFACTURING ) | |
| KENTUCKY and KELLY SERVICES, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

                                *** 

This matter is before the Court upon Defendant Toyota Motor Manufacturing Kentucky's ("TMMK") Motion to Dismiss [DE 15] Plaintiff Munion's claims for failure to hire, retaliation, and filing a false police report pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  On July 6, 2016, the Court ordered Plaintiff Munion to show cause why the Motion to Dismiss should not be granted for the reasons set forth in the motion and the well-articulated memorandum of law in support of the motion [DE 21].  Munion, proceeding pro se, filed a Response to the order to show cause, objecting to the Motion to Dismiss [DE 26], and Defendant has filed a Reply [DE 28] in further support of its Motion.  The Court has carefully considered the arguments presented by the parties and concludes that Plaintiff's claims for failure to hire, retaliation, and

1

filing a false police report must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## I.

When subject matter jurisdiction is challenged under Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction to survive the motion." *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Motions under Rule 12(b)(1) "are categorized as either a facial attack or a factual attack." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "Under a facial attack, all of the allegations in the complaint must be taken as true.... Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 440 (6th Cir. 2012). In this facial attack on the subject matter jurisdiction of the Court, the undersigned as taken all allegations in the Complaint as true.

## II.

In Munion's Notice of Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), he claimed that he, a white male, was treated less favorably by "Robert Jones, Group Leader, African America" [sic], than white female employees when "there was an accident on the way to work[] that caused many employees to be late" and he "was the only one

2

written up and terminated for declining to sign the write up." [DE 15-2 at 3, Page ID#: 75.]  There is no mention of a failure to hire, retaliation, or a claim arising out of a false police report in the Charge of Discrimination.

In his Complaint, Plaintiff avers that his employment with Defendants TMMK and Kelly Services was wrongfully terminated, that Defendants wrongfully failed to hire him when they proposed postponing his hire date at TMMK, and that Defendants somehow retaliated against him, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, on November 13, 2014.  He avers that he was subjected to discrimination on the basis of his race and gender or sex because his group leader treated a white female better than him when he was written up.  He also avers that he was subjected to discrimination when asked by his representative with Defendant Kelly and his group leader at TMMK to sign a write-up that would postpone his TMMK hire date, only to be asked to leave when he declined to do so, at which time someone "called the police and filed a false police report that I was suicidal." [DE 1 at 6, Page ID#: 6.]

In its Motion to Dismiss, TMMK argues that Plaintiff did not satisfy the administrative prerequisite under Title VII with respect to his claims for failure to hire, retaliation, and filing a false police report.  Because these claims were not

3

included in his EEOC charge, TMMK reasons that the Court does not have jurisdiction over these matters. The Court agrees. *See* 42 U.S.C. § 2000e-5(f)(1 (2006) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *Albeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544-45 (6th Cir. 1991)) ("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge."). "Retaliation claims are generally excepted from this filing requirement because they usually arise after the filing of the EEOC charge. However, this exception to the filing requirement does not apply to retaliation claims based on conduct that occurred before the EEOC charge was filed. *Id.* (internal citations omitted).

In his Response to the Court's Order to show cause, Plaintiff raises no argument with respect to the dismissal of his claims concerning failure to hire or retaliation. Munion has, however, argued that his claim arising out of the alleged filing of a false police report should not be dismissed because Toyota did not inform the EEOC that it made a false police report during the course of the EEOC investigation. Further, he

4

argues that it should not be dismissed because he, even though he did not list it in his Charge of Discrimination, he was told by an investigator during the course of the EEOC investigation that that the EEOC did not handle such matters.

Whether or not it would qualify as the basis of a Title VII discrimination claim suitable for investigation by the EEOC is not before the Court today. The Court is concerned only with whether Munion satisfied the administrative requirement of filing a charge which included it so that he might ask this Court for relief on that issue under Title VII. The Court can fathom no reason that TMMK's alleged failure to advise the EEOC that it made a police report or Plaintiff's conversation with an EEOC investigator well after his Charge of Discrimination was filed should excuse his failure to include something that he wished to claim in his Charge. Neither of these arguments are sufficient to persuade the Court that dismissal of these claims is not appropriate.

### III.

Plaintiff did not complain of retaliation, failure to hire him as a full-time employee, or allegations arising out of a false police report when he filed his Charge of Discrimination with the EEOC. He does not claim retaliation based on actions which occurred after the Charge was filed. Nor were any of these claims reasonably expected to grow out of the EEOC Charge

that he actually filed. Thus, the Court lacks subject matter jurisdiction over these claims, and they are dismissed under Fed. R. Civ. P. 12(b)(1).

Accordingly, **IT IS ORDERED:**

(1) that Defendant TMMK's Motion to Dismiss [DE 15] is **GRANTED**.

**IT IS FURTHER ORDERED:**

(2) that, upon the Court's own motion, Plaintiff Munion shall **SHOW CAUSE** within **TEN (10) DAYS** of entry of this order why these same claims against Defendant Kelly Services should not be dismissed for the reasons stated above. Failure to file a response will result in the dismissal of these claims without further delay.

This the 28th day of July, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge